**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 7 2017

JAMES W. McCORMACK, CLERK

BY: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**MICHAEL ANDREW RODGERS**
**and GLYNN DILBECK**                                      **PLAINTIFFS**

vs.                              CASE No. 4:17W 501 BRW

**COLONEL BILL BRYANT,**
**IN HIS OFFICIAL CAPACITY**                               **DEFENDANT**
**AS DIRECTOR OF THE ARKANSAS STATE POLICE**

## COMPLAINT

### Introduction

1.     This is an action brought to safeguard the most fundamental rights of speech and

expression under the First and Fourteenth Amendments to the United States Constitution and to

protect Plaintiffs and others from unjustified government intrusion. Plaintiff Rodgers has been

cited, arrested, detained, prosecuted, tried and convicted of loitering with intent to beg under

Ark. Code Ann. § 5-71-213(a)(3) (1995).  Plaintiff Dilbeck has been harassed and cited for this

same "offense." They are not alone.  Many others also suffer this same government persecution

for their speech. Predictably, the threat of citation, arrest, detention, prosecution, conviction and

penalties under this state law has chilled Plaintiffs and others from exercising their

constitutionally-protected rights to ask others for money, food, or other charity.  Plaintiffs need

the intervention of this Court to invalidate this law for the entire state and to enjoin its

enforcement by Defendant.

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Harris_

1

2.  The citations, arrests, and criminal proceedings against Plaintiffs were done previously under Arkansas state law Ark. Code Ann. § 5-71-213(a)(3) (1995).  Many of the arrests and citations under this law are effectuated by Arkansas State Police troopers under Defendant's supervision. That law was recently invalidated by this court as unconstitutional. However, the Arkansas General Assembly has now passed a law with similar wording that has the exact same effect as the previously invalidated law.

3.  This new statute also restricts protected First Amendment speech and expressive conduct on all public sidewalks, roadways, rights-of-way, and other places historically held open for speech. On its face, the new statute discriminates against one type of speech by limiting § 5-71-213(a)(3)(2017) to individuals standing or remaining "for the purpose of asking for anything as charity or a gift." It is a content-based restriction that cannot withstand strict scrutiny, due process, or overbreadth analyses and should be invalidated on its face.  See Exhibit 1 to Complaint.

## Jurisdiction and Venue

4.  This Court has subject-matter jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 and 1343.  The Court can grant declaratory relief pursuant to 28 U.S.C. §§ 2201(a) and 2202.

5.  Venue is proper under 28 U.S.C. § 1391(b) as Defendant's headquarters is located in Pulaski County, Arkansas.

## The Parties

6.  Michael Andrews Rodgers is a disabled veteran and resident of Garland County, Arkansas. He has begged in Garland County and would do so in other parts of Arkansas. Because of the harassment and maltreatment he received under the former law, he is now chilled

from begging due to the similarly-worded § 5-17-213(a)(3) (2017).

7.  Plaintiff Glynn Dilbeck is homeless.  He has begged in Benton County, Arkansas and other parts of the state.  Because of what has happened to him under the previous version of § 5-71-213(a)(3) he is now chilled from begging because of the new law.

8.  Defendant Colonel Bill Bryant is the Director of the Arkansas State Police. He is sued in his official capacity.  Employees of the Arkansas State Police are under the supervision of Col. Bryant. These employees, Arkansas State Police troopers, routinely issued warnings and citations under the former version of § 5-71-213(a)(3) and would have the authority to do so under the new law.

9.  At all times described herein, the Arkansas State Police troopers were and are acting under color of state law.

## The Challenged Law

10.  Section 5-71-213(a)(3) (2017) of the Arkansas Code is the basis for citing, arresting and prosecuting persons in Arkansas for standing or remaining "for the purpose of asking for anything as charity or a gift" in "an aggressive or threatening manner."

11.  Under this statute, warnings, citations, and arrests specifically depend on the content of an individual's speech. Only if the individual is "loitering" *for the purpose of asking for charity or a gift* may the individual be prosecuted under this law. Therefore, this is a content-based restriction, and the government has not narrowly tailored this statute to address a compelling state interest, and therefore it fails under strict scrutiny.

12.  Section 5-71-213(a)(3)(2017)  also fails to define what constitutes asking for charity or a gift "in a harassing or threatening manner" or "in a way likely to cause alarm to the other person." It therefore fails to give fair notice of what constitutes punishable conduct under the law

3

and should be void for vagueness.

13.  Plaintiffs and other individuals are concerned about being cited, arrested, jailed, prosecuted, found guilty and penalized by fines and court fees under this new law.  They are thus chilled from exercising their constitutional rights to free speech and are refraining and will continue to refrain from begging in this state unless the law is invalidated.

14.  The statute selectively criminalizes requests for charity or a gift. A solicitation to vote for a candidate, attend a meeting, join an organization or eat at a particular restaurant, delivered in the same manner and tone as that for money or other charity would not result in citation or arrest under this provision.

15.  A law enforcement officer would have to read a sign or listen to the words of the person and the content of the request being made, in order to determine if these fit the message prohibited by this provision – a request for charity or a gift, such as money.

### Facts

16.  Plaintiff Rodgers, who is a disabled veteran, begs by holding up a sign that identifies him as a veteran.  In 2015, he was arrested once and cited four times for violating § 5-71-213(a)(3) (1995). He was incarcerated, tried, and assessed court fines and fees under this law before it was held to be unconstitutional. The new, similarly-worded state law went into effect in all parts of the state August 2, 2017, and Plaintiff Rodgers is afraid to risk further criminal charges against him.  He thus refrains from begging. Therefore, the law has a direct and chilling effect on his right to freedom of speech.

18.  Plaintiff Dilbeck begs in Northwest Arkansas by holding up a sign that asks for money.  He was cited by an Arkansas State Police trooper in September, 2015, for holding up such a sign alongside a roadway exit in Benton County, Arkansas.  The charge subsequently was

4

voluntarily dismissed by the Prosecuting Attorney for the 19th Judicial District. Plaintiff Dilbeck has been harassed for begging on more than one occasion by law enforcement officers, including the Arkansas State Police. He would continue to beg in Arkansas but, because of fear of further criminal action and harassment under the new, similarly-worded version of this law, is afraid to do so. Therefore, the law has a direct and chilling effect on his right to freedom of speech.

19.   The Arkansas State Police have regularly issued citations throughout the state for violations of § 5-71-213(a)(3) (1995) and will surely do so again once the 2017 version of the law goes into effect in July of 2017. In so doing, their actions are performed under color of state law.

## COUNT I
### (Facial Violation Right to Freedom of Speech)

20.   Plaintiffs restate and incorporate by reference as if fully set forth here the allegations of the proceeding paragraphs.

21.   The First Amendment to the United States Constitution prohibits the abridgement and chilling of free speech. The First Amendment is applicable to the states through the Fourteenth Amendment. Persons violating the First Amendment under color of state law are liable at law and in equity under 42 U.S.C. § 1983.

22.   Section 5-71-213(a)(3) (2017) is facially invalid under the First Amendment because it is a content-based restriction on protected speech and is not narrowly tailored to serve any compelling state interest.

## COUNT II
### (Violation of the Fourteenth Amendment Prohibition
### on Deprivation of Liberty Without Due Process of Law
### --Void for Vagueness)

23.   Plaintiffs restate and incorporate by reference as if fully set forth here the allegations

5

of the proceeding paragraphs.

24.  The Fourteenth Amendment to the United States Constitution mandates that a criminal state statute provide fair notice of what is forbidden.

25.  Section 5-71-213(a)(3)(2017) fails to define what constitutes asking for charity or a gift "in a harassing or threatening manner" or "in a way likely to cause alarm to the other person" and does not give fair notice as to what would constitute prohibited conduct. It is thus void for vagueness.

## Relief Requested

**WHEREFORE,** Plaintiffs respectfully requests that this Court:

1.  Issue a preliminary and permanent injunction restraining Defendant, his employees, agents and successors from enforcing § 5-71-213(a) (3) (2017);

2.  Enter a judgment declaring that § 5-71-213(a) (3) (2017) on its face violates the United States Constitution and permanently enjoin its enforcement by Defendant;

3.  Award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. §1988; and

4.  Grant such other and further relief as the Court deems just and proper.

Dated: August 7, 2017.

Respectfully Submitted,

Bettina E. Brownstein Law Firm
904 West 2nd Street, Suite 2
Little Rock, Arkansas 72201
Tel: (501)920-1764
Email:  bettinabrownstein@gmail.com

By Bettina
Bettina E. Brownstein (85019)

6

and

Katherine C. Stephens (2015125)
KCS Law, PLLC
111 Center Street, Suite 1200
Little Rock, Arkansas 72207
Tel: (501) 244-9289
Email: kstephens@kcslawpllc.com
Attorneys for Plaintiffs

On behalf of the Arkansas Civil Liberties
Union Foundation, Inc.

Stricken language would be deleted from and underlined language would be added to present law.

1  State of Arkansas                *As Engrossed: H3/10/17*
2  91st General Assembly              **A Bill**
3  Regular Session, 2017                               HOUSE BILL 1756
4
5  By: Representative Collins
6
7              **For An Act To Be Entitled**
8          AN ACT CONCERNING THE OFFENSE OF LOITERING; AND FOR
9          OTHER PURPOSES.
10
11
12                    **Subtitle**
13          CONCERNING THE OFFENSE OF LOITERING.
14
15
16  BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:
17
18      SECTION 1.  Arkansas Code § 5-71-213 is amended to read as follows:
19      5-71-213. Loitering.
20      (a)  A person commits the offense of loitering if he or she:
21          (1)  Lingers, remains, or prowls in a public place or the
22  premises of another without apparent reason and under circumstances that
23  warrant alarm or concern for the safety of persons or property in the
24  vicinity and, upon inquiry by a law enforcement officer, refuses to identify
25  himself or herself and give a reasonably credible account of his or her
26  presence and purpose;
27          (2)  Lingers, remains, or prowls in or near a school building,
28  not having any reason or relationship involving custody of or responsibility
29  for a student and not having written permission from anyone authorized to
30  grant permission;
31          (3)  Lingers or remains ~~in a public place~~ on a sidewalk, roadway,
32  or public right-of-way, in a public parking lot or public transportation
33  vehicle or facility, or on ~~the premises of another~~ private property, for the
34  purpose of ~~begging~~ asking for anything as charity or a gift:
35              (A)  In a harassing or threatening manner;
36              (B)  In a way likely to cause alarm to the other person; or




EXHIBIT
1
To Complaint

02-21-2017 10:56:15 BPG292

As Engrossed:  H3/10/17                                          HB1756

1              *(C)  Under circumstances that create a traffic hazard or*
2     *impediment;*
3                    (4)  Lingers or remains in a public place for the purpose of
4     unlawful gambling;
5                    (5)  Lingers or remains in a public place for the purpose of
6     engaging or soliciting another person to engage in prostitution or deviate
7     sexual activity;
8                    (6)  Lingers or remains in a public place for the purpose of
9     unlawfully buying, distributing, or using a controlled substance;
10                   (7)  Lingers or remains in a public place for the purpose of
11    unlawfully buying, distributing, or consuming an alcoholic beverage;
12                   (8)  Lingers or remains on or about the premises of another for
13    the purpose of spying upon or invading the privacy of another; or
14                   (9)  Lingers or remains on or about the premises of any off-site
15    customer-bank communication terminal without any legitimate purpose.
16            *(b)  Among the circumstances that may be considered in determining*
17    *whether a person is loitering are that the person:*
18                   *(1)  Takes flight upon the appearance of a law enforcement*
19    *officer;*
20                   *(2)  Refuses to identify himself or herself; ̶o̶r̶*
21                   *(3)  Manifestly endeavors to conceal himself or herself or any*
22    *object̶.̶; or*
23                   *(4)  Has acted in a harassing or threatening manner or in a way*
24    *likely to cause alarm to the other person after sunset or before sunrise.*
25            (c)  Unless flight by the actor or another circumstance makes it
26    impracticable, prior to an arrest for an offense under subdivision (a)(1) of
27    this section a law enforcement officer shall afford the actor an opportunity
28    to dispel any alarm that would otherwise be warranted by requesting the actor
29    to identify himself or herself and explain his or her presence and conduct.
30            (d)  It is a defense to a prosecution under subdivision (a)(1) of this
31    section if:
32                   (1)  The law enforcement officer did not afford the defendant an
33    opportunity to identify himself or herself and explain his or her presence
34    and conduct; or
35                   (2)  It appears at trial that an explanation given by the
36    defendant to the law enforcement officer was true and, if believed by the law

                                    2          02-21-2017 10:56:15 BPG292