**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MICHAEL ANDREW RODGERS, *ET AL.***     **PLAINTIFFS**

**VS.**     **4:17-CV-00501-BRW**

**COLONEL BILL BRYANT, in his official**
**capacity as Director of the Arkansas State Police**     **DEFENDANT**

**ORDER**

Pending are Plaintiffs' Motions for Attorneys' Fees and Costs (Doc. Nos. 47, 49). Defendant has responded and Plaintiffs' have replied.[1] For the reasons set out below, the Motion for Attorneys' Fees (Doc. No. 47) is GRANTED IN PART, for a total of $66,254 in fees. The unopposed Motion for Costs (Doc. No. 49) is GRANTED.

**I. BACKGROUND**

This case involved the Arkansas legislature's second unsuccessful attempt to draft a constitutional, anti-panhandling statute. Initially, they passed a law that banned panhandling outright.[2] I found the law unconstitutional and entered an injunction.[3] Neither side appealed.

The Arkansas legislature tried again,[4] but their intent to ban panhandling was more subtle. After a lengthy hearing, I granted Plaintiffs' request for an injunction.[5] Defendant's appeal and

---

[1] Doc. Nos. 51, 52.

[2] Ark. Code Ann. § 5-71-213(a)(3) (1995) (making it a crime to linger or remain "in a public place or on the premises of another person for the purpose of begging").

[3] *Rodgers v. Bryant*, No. 4:16-CV-00775-BRW, 2016 WL 10591006 (E.D. Ark. Nov. 22, 2016)

[4] Ark. Code Ann. § 5-71-213(a)(3) (2017) ("(3) Lingers or remains on a sidewalk, roadway, or public right-of-way, in a public parking lot or public transportation vehicle or facility, or on private property, for the purpose of asking for anything as charity or a gift: (A) In a harassing or threatening manner; (B) In a way likely to cause alarm to another person; or (C) Under circumstances that create a traffic hazard or impediment.").

[5] Doc. No. 25.

1

motion for rehearing *en banc* both were unsuccessful.[6] The case was remanded, and I entered judgment for Plaintiffs on March 26, 2020.[7]

As the prevailing party in a fee-shifting case, Plaintiffs request lawyers' fees of $93,840 and costs of $565.[8] Defendant opposes the fee request, arguing that $8,000 is more appropriate, but has no objection to the request for costs.[9]

## II. DISCUSSION

The lodestar method is the "most useful starting point for determining the amount of a reasonable fee."[10] It requires the court to consider "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[11] Then the court should "adjust the fee upward or downward on the basis of the results obtained."[12] "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."[13] "A

---

[6] *Rodgers v. Bryant*, 942 F.3d 451 (8th Cir. 2019) and *Rodgers v. Bryant*, 953 F.3d 517 (8th Cir. 2020).

[7] As I have noted before, the public, for the most part, does not like to be bother by panhandlers and, the police do not like to bother with the panhandlers. There are other laws that they could use, legitimately, to arrest panhandlers who are obstructing traffic, abusing drivers, etc. etc; but the police would rather blame "those meddlesome federal judges" than fool with the panhandler who got out of line. I don't blame the police – I would probably do likewise if I were a police officer. It is human nature.

[8] Doc. No. 49.

[9] Doc. No. 51.

[10] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[11] *Id.*

[12] *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

[13] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551(2010) (emphasis in original).

reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys."[14]

"An attorney fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client."[15] Hours that were not "reasonably expended" must be excluded.[16] "Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."[17]

### A. Requested Hourly Rates

Plaintiffs requests the various hourly rates in this case: $350 an hour (Bettina Brownstein); $325 an hour (Holly Dickson); $300 an hour (Johnathan Horton); and $225 an hour (Katherine Stephens).[18] Defendant argues that the rates should be $275 (Brownstein), $235 (Dickson), $225 (Horton) and $150 (Stephens).[19]

The Complaint in this case was filed in 2017, and the work performed while the case was in the Eastern District of Arkansas was between August and October 2017. The work performed before the Eighth Circuit was from October 2017 to September 2018. Then there was a lull while

---

[14]*Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) (internal quotations omitted).

[15]*Morales,* 2013 WL 1704722, at *7 (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287 (1989)).

[16]*Hensley*, 461 U.S. at 434.

[17]*Id.*

[18]Doc. No. 48.

[19]Doc. No. 51.

the Eighth Circuit considered the merits of the case. The Eighth Circuit ruled on November 6, 2019. Afterwards, there was briefing on the rehearing *en banc*, followed by closure in the Eastern District of Arkansas.

In late 2016, Mr. Brownstein, litigating similar issues, received $300 an hour with no objection from Defendant – the same Defendant in this case.[20] Also, considering that most of the work performed in this case was two or three years ago, a middle ground between the 2017 rates and the requested 2020 rates is appropriate. Accordingly, I find reasonable hourly rates to be:

| Lawyer | Hourly Rate | Hours | Fee |
| --- | --- | --- | --- |
| Bettina Brownstein | $325 | 95.6 | $31,070.00 |
| Holly Dickson | $300 | 23.3 | $6,990.00 |
| Johnathan Horton | $275 | 83.4 | $22,935.00 |
| Katherine Stephens | $175 | 124.7 | $21,822.50 |
|  | **Total** | 327 | $82,817.50 |

With the adjusted hourly rates, the total fee request is now $82,817.50.

**B.     Hours Expended**

Now I must consider the reasonableness of the hours expended.

Defendant asserts any fees incurred doing the appeal should be excluded because Plaintiff should have requested reimbursement of those fees from the Eighth Circuit.[21] However, Eighth Circuit precedent provides that I may consider a fees award when the issue was not addressed by the Eighth Circuit.[22]

---

[20]*Rodgers v. Bryant*, No. 4:16-cv-00775-BRW (E.D. Ark. 2016), Doc. Nos. 23, 25.

[21]Doc. No. 51.

[22]*Little Rock Sch. Dist. v. State of Ark.*, 127 F.3d 693, 697 (8th Cir. 1997) (holding that "District Court had jurisdiction to make the award [of fees incurred during appeal], and we review its amount for abuse of discretion").

4

Defendant also contends that there were excessive hours on a straightforward case. If the issue here were truly was straightforward then the Arkansas Legislature would have crafted a law that was constitutional. Additionally, Defendant would have conceded at the beginning of the litigation. Instead, Defendant fought and lost on the merits in this Court, at the Eighth Circuit Court of Appeals, and on rehearing *en banc*. Obviously, their defense of this "straightforward" case resulted in the additional hours.

Defendant makes much of the fact that is the "*fourth* time Plaintiffs have litigated the constitutionality of anti-loitering laws on First Amendment grounds."[23] So? This reminds me of a lawyer complaining about opposing counsel's continued objections, when the objections are repeatedly sustained.

Defendant complains that he should not be burdened with paying fees because "he had **no role whatsoever** in drafting or enforcing the amended statute."[24] This may be true, but his frustration should be addressed to the Arkansas Legislature. It passed the unconstitutional laws that put him in this predicament. This is not a legitimate reason to deny fees to a party who is successful in a civil rights case.

Defendant argues that Plaintiffs had too many lawyers (four) working on this case. Defendant had five lawyers working on the case – too many defense lawyers?

Defendant does correctly point out that there are many instances of double billing for conferences among the lawyers. For example, on February 6, 2018, three lawyers billed at least 1.8 hours for a meeting they had.[25] Additionally, there must have been overlap on work with

---

[23]Doc. No. 51 (emphasis in original).

[24]*Id.* (emphasis in original).

[25]Doc. Nos. 47-2, 47-4, 47-6.

some of the other cases that Plaintiffs' counsel were pursuing at the same time on very similar issues.  Also, over 35 hours were billed before the case was filed – all related to the newest lawyer researching issues.  This is too much.  Presumably the seasoned First-Amendment lawyers would have been familiar with the issues.  Considering the record as a whole, I believe an across-the-board cut of 20% is appropriate, resulting in the following fees:

| Lawyer | Hourly Rate | Hours | Fee |
|---|---|---|---|
| Bettina Brownstein | $325 | 76.48 | $24,856.00 |
| Holly Dickson | $300 | 18.64 | $5,592.00 |
| Johnathan Horton | $275 | 66.72 | $18,348.00 |
| Katherine Stephens | $175 | 99.76 | $17,458.00 |
|  | **Total** | 261.60 | $66,254.00 |

**C.     Costs**

Defendant does not opposed Plaintiffs' request for $565 in costs.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion for Attorneys' Fees (Doc. No. 47) is GRANTED IN PART and the Motion for Costs (Doc. No. 49) is GRANTED.  Plaintiffs are entitled to $66,254 in fees and $565 in costs from Defendant, for a total of $66,819.

IT IS SO ORDERED this 2nd day of July, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE